# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DANIEL A. THIBEAULT,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
SF-0752-13-0646-I-1

DATE: August 13, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Daniel A. Thibeault</u>, El Cajon, California, pro se.

<u>Sherilyn A. DeNinno</u>, Esquire, San Diego, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision,[2] which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The agency employed the appellant as a mail handling machine operator with a shift of 3:30 p.m. to midnight. Initial Appeal File (IAF), Tab 8 at 20. In late 2012, the agency replaced the mail handling machines and, when the appellant did not bid on another assignment, it gave him an assignment to a shift that ran from 8:00 p.m. to 4:30 a.m. on a small parcel sorter. *Id*. at 19, 84. The appellant objected to this assignment, claiming that he could not perform it because he suffered from psoriatic arthritis that his doctor advised would be exacerbated by his exposure to cold temperatures while traveling during the coldest part of the day at 4:30 a.m. *Id*. at 50, 67-68, 83; IAF, Tab 39 at 42-43. He requested as reasonable accommodation that he be given an assignment on a different shift. IAF, Tab 8 at 52, 60-62. The agency did not offer such an assignment. The appellant began using sick leave in January 2013 and then retired when he exhausted his sick leave in June 2013. *Id*. at 20, 26-49.

---

[2] After the close of the record on petition for review, the appellant filed a motion to submit an additional pleading. Petition for Review (PFR) File, Tab 6. After review of the appellant's motion, we find that the appellant has not established a need for the pleading, and we deny it.

¶3        The appellant filed an appeal alleging that his sick leave constituted an involuntary suspension and that his retirement was involuntary.  IAF, Tab 1.  The administrative judge found that the appellant failed to prove that any assignment that would have accommodated his disability was available to which the agency could assign him without violating the collective bargaining agreement from the time that he began using sick leave until his retirement.  IAF, Tab 42, Initial Decision (ID) at 5.  Thus, the administrative judge found that the appellant failed to prove that the agency's failure to accommodate the appellant's disability was a wrongful act that caused him to take sick leave and that the agency did not constructively suspend him.  ID at 7.  Regarding the appellant's alleged involuntary retirement, the administrative judge also found that the appellant failed to prove that the agency took any wrongful action that rendered his retirement involuntary.  ID at 8.  As with the alleged involuntary suspension, the administrative judge found there was no position available prior to the appellant's retirement to which the agency could assign the appellant as an accommodation without violating the collective bargaining agreement.  ID at 8.  The administrative judge also found that, to the extent that the appellant retired out of frustration with the agency's handling of his equal employment opportunity (EEO) complaints and grievances, he did not show that, because of the agency's actions, he lacked a meaningful choice of whether to continue working.  ID at 9.

¶4        In his petition for review, the appellant alleges that he became aware "after the final close" that the agency failed to comply with all of its rules.  PFR File, Tab 1.  It appears that the appellant is asserting that, after the close of the record below, he became aware that the agency violated a memorandum of understanding regarding light-duty bidding involving employees who have suffered a compensable injury when it failed to send him for a medical evaluation of whether he could perform the duties of a small parcel sorter machine operator.  In addition to suffering from psoriatic arthritis, the appellant apparently suffered a compensable injury, a herniated disc, in 2000.  *Id.* at 5.  The Board generally

will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has made no such showing. All of the submissions in support of his assertion were available before the close of the record. *See* PFR File, Tab 1 (letters to the appellant dated in the years 2000 and 2008). In any event, the agency's failure to send the appellant for a medical evaluation of whether he had recovered sufficiently from his herniated disc compensable injury to be able to perform the duties of a small parcel sorter operator is not probative of whether a position was available from January to July 2013 on a shift that would accommodate his disability. Thus, such evidence is not relevant to whether the agency wrongfully failed to assign the appellant to a position as accommodation of his disability. The evidence of agency error submitted on petition for review is not of sufficient weight to warrant an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶5        The appellant also asserts that the administrative judge erred in not allowing the appellant to submit the statement of a resolution specialist who was trying to resolve the appellant's EEO complaint regarding his assignment to the small parcel sorter machine operator position with a shift from 8:00 p.m. to 4:30 a.m. PFR File, Tab 1 at 2. The appellant asserts that the resolution specialist would have established that the appellant sought to work from 8:00 p.m. to 12:30 a.m., but the agency would not allow him to work a part-time position. *Id.* The record shows that the administrative judge denied the appellant's motion to compel discovery regarding the resolution specialist, finding that the appellant had not adequately explained how information from the resolution specialist would relate to the issues in the appeal. IAF, Tab 29 at 2. By the appellant's admission, the resolution specialist was working on seeking to

have the agency make the small parcel sorter machine operator position a part-time position for the appellant.

¶6        Making the small parcel sorter machine operator position a part-time position would have required that the agency create a new position because the small parcel sorter machine operator position was full-time.  It is well-established that the Rehabilitation Act imposes no obligation on the agency to create modified work assignments or to create a new position for an employee in order to provide reasonable accommodation.  *Bennett v. U.S. Postal Service*, 118 M.S.P.R. 271, ¶ 10 (2012); *Gonzalez–Acosta v. Department of Veterans Affairs*, 113 M.S.P.R. 277, ¶ 11 (2010).  The agency was not required to create a part-time small parcel sorter machine operator position to accommodate the appellant's disability.   The agency's refusal to create a part-time position for the appellant, the information that the appellant sought through the discovery of the resolutions specialist's efforts to resolve the appellant's EEO complaint, would not have established an improper or wrongful act that caused the appellant to take sick leave.  Thus, it would not have been sufficient evidence for the appellant to establish jurisdiction over his constructive suspension claim.  *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 9-11 (2013) (finding that certain employee-initiated absences may be appealable as constructive suspensions where the appellant shows that:  (1) he lacked a meaningful choice; and (2) the absence was caused by the agency's improper actions).  To the extent that the administrative judge erred in denying the appellant's motion to compel information regarding the resolutions specialist's efforts to resolve the appellant's EEO complaint, his error did not harm the appellant's substantive rights and provides no basis to reverse the initial decision.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶7        Finally, the appellant contends that the administrative judge erred in finding that the agency did not commit an improper act that caused his retirement by failing to accommodate his disability by assigning him to one of several full-time

mail-handler positions posted in September 2013 on the non-overnight shift. In his petition, the appellant contends that these mail-handler positions were the subject of a grievance as early as November 2012 and that his seniority would have entitled him to one of these positions. PFR File, Tab 1 at 19. However, the appellant has presented no evidence to show that this grievance was resolved before he retired and that the mail-handler positions were available for assignment prior to his retirement. Consequently, he failed to show that the agency's failure to offer him one of these positions as an accommodation was a wrongful act by the agency that caused his retirement. As a result, we find that the administrative judge properly found that the agency committed no wrongful act by failing to offer the appellant one of the mail-handler positions that became available for assignment after the appellant's retirement. *See Bean*, 120 M.S.P.R. 397, ¶¶ 9-11.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                   _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.